**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JASWINDER GREWAL, | No. 11-74012 |
| Petitioner, | Agency No. A088-523-348 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2015**
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit
Judges.

Jaswinder Grewal, a native and citizen of India, petitions for review of the

Board of Immigration Appeals ("BIA") decision affirming the denial of his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

The BIA affirmed the Immigration Judge's ("IJ") denial of Grewal's claims on the basis of the IJ's adverse credibility determination. We review adverse credibility determinations for substantial evidence. *Malkandi v. Holder*, 576 F.3d 906, 908 (9th Cir. 2009). Under this standard, we may reverse the BIA only if the evidence presented by the petitioner is such that a reasonable fact finder would be compelled to find the petitioner credible. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "Where, as here, the BIA adopts the IJ's decision and adds some of its own analysis, the panel reviews both decisions." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).

Because Grewal applied for asylum after May 11, 2005, the REAL ID Act applies. *Id*. The Act does not afford applicants a presumption of credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). Credibility determinations must be made under the "totality of the circumstances" taking into account "all relevant factors," including the applicant's responsiveness, the plausibility and consistency of the applicant's account and any inaccuracies in the applicant's statements, whether or not such inaccuracies "go to the heart of the applicant's claim." *Id.*

Substantial evidence supports the BIA's decision. Both the BIA and the IJ cited to specific and cogent reasons to support the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). They highlighted specific inconsistencies related to, among other things, Grewal's contact with the police and his return to his village and his lack of knowledge regarding an election in which he claims to have been involved. Both the BIA and the IJ appropriately considered the totality of the circumstances, including facts that weighed against an adverse credibility determination. Grewal was afforded an opportunity to explain any inconsistencies in his testimony. The IJ did not rely on speculation and conjecture, but took the time to ask Grewal numerous questions. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014).

Although a reasonable fact finder could have credited Grewal's testimony, the record does not compel such a finding. Accordingly, we must uphold the BIA's decision affirming the IJ's adverse credibility determination. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007).

Without Grewal's discredited testimony, there is insufficient evidence to establish the "persecution or well-founded fear of persecution" based on a protected ground that is required for asylum. *See Ling Huang*, 744 F.3d at 1152 (citations omitted). Since Grewal did not establish his eligibility for asylum, the

3

record "does not compel the conclusion that [he] meets the more stringent standard for withholding of removal." *Id.* at 1156. Likewise, the record does not compel the conclusion that Grewal is eligible for CAT protection. The BIA agreed with the IJ's decision to deny Grewal protection under CAT and concluded that Grewal failed to establish that he is "more likely than not" to be tortured by or with the acquiescence of government officials in India. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Substantial evidence supports this determination. *See Shrestha*, 590 F.3d at 1048.

PETITION DENIED.